Dear Mr. Mallet:
On behalf of Mr. Fred Hayes, Chief of Police of the Town of Henderson, you have requested an opinion of this office regarding the legality of the Town's decision to compensate Chief Hayes for unpaid vacation and sick days. According to your letter, the Henderson Board of Alderman has decided to reimburse Chief Hayes for unpaid vacation and sick days from 1988 to Spring 1996. Further, your letter states that the Board recognizes that no policy defining its employees' entitlement to benefits, such as sick leave and vacation pay, was in effect for the period 1988 to Spring 1996.
Your request must be addressed in light of LSA-Const. Art. VII, § 14 (A), which in pertinent part provides:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
It has long been the opinion of this office that a political subdivision can comply with the provisions of LSA-Const. Art. VII, § 14 and pay its employees for their unused and accrued vacation and sick leave, as long as a formal policy regarding the same is established. Atty. Gen. Ops. Nos. 97-254, 94-284, 90-572, 77-1020.
As to whether this applies to vacation and sick leave accrued prior to the adoption of a formal policy, we direct you to the decision in Bouillion v. City of New Iberia, 657 So.2d 397
(La.App. 3 Cir. 1995). There the court found that a rule governing compensation for accumulated sick leave was unconstitutional if applied to sick leave which had accumulated prior to the rule's effective date. Essentially, the plaintiff-employees' were only entitled to reimbursement for sick leave accumulated after the effective date of the rule; payment of sick leave that accrued prior to the effective date would be a retroactive increase in pay or a bonus and thus unconstitutional.
In accordance with LSA-Const. Art. VII, § 14, and theBouillion decision, it is the opinion of this office that the Henderson Board of Alderman may not legally compensate Chief Hayes for unpaid vacation and sick days from 1988 to Spring 1996, for the reason that no formal policy for such compensation existed during that period. Any compensation for unpaid vacation and sick days for that period would be an unconstitutional retroactive increase in pay or bonus.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv